UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC,<br><br>                         Plaintiffs,<br><br>v.<br><br>TERRATS MEDICAL SOCIEDAD LIMITADA,<br><br>                         Defendant. | Case No.:  3:26-cv-2869-JES-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL** |

Before the Court is Plaintiffs' ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC, (collectively "Zest") Motion for Leave to File the Complaint Under Seal ("Motion"). ECF No. 2. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

//
//
//
//
//
//

1

## I.  BACKGROUND

Plaintiffs bring this action against Defendant Terrats Medical Sociedad Limitada ("Defendant" or "Terrats"), based on Terrats' alleged breach of a Settlement Agreement the parties entered into on April 3, 2024 (the "Settlement Agreement"). *See* Compl. ¶¶ 1–4. The Settlement Agreement resolved prior trademark and trade dress litigation between the parties, *Zest Anchors, LLC v. Geryon Ventures, LLC*, 615 F. Supp. 3d 1206 (S.D. Cal. 2022), *aff'd in part, rev'd in part and remanded*, No. 22-55704, 2023 WL 2783175 (9th Cir. Apr. 5, 2023).

## II.  LEGAL STANDARD

Courts in this country have long recognized a presumptive right of public access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

To seal records that attached to motions more than tangentially related to the merits of the case, the moving party must meet the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under this standard, a court must find "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179). For records attached to motions not more than tangentially related to the merits, the lesser "good cause" standard applies. *Id*. at 1101.

Requests to seal must also be "narrowly tailored" to remove from public view only the content that warrants protection. *Harper v. Nevada Property 1, LLC*, 552 F. Supp. 3d 1033, 1040–41 (D. Nev. 2021). Courts must order the filing of redacted versions of confidential information, while leaving meaningful information available to the public,

2

when possible, rather than sealing documents in their entirety. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

Within the context of settlement agreements, the mere existence of a confidentiality provision does not constitute a compelling reason to seal. *Helix Environmental Planning, Inc. v. Helix Environmental & Strategic Solutions*, No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021). While parties to a settlement agreement would prefer to keep its terms confidential, "once they turn to the federal court to resolve their disputes … the public administration of justice demands transparency." *Avocados Plus Inc. v. Freska Produce Int'l LLC*, No. 2:19-cv-06451-RGK-JC, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. SA CV 16-00300-CJC(RAOx), 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017)). But courts also recognize the general benefits of keeping settlement terms confidential, when feasible, as confidentiality encourages parties to resolve disputes. *See U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-cv-01428 LJO JLT, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010) (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)).

Courts must, therefore, balance the parties' need for secrecy against the public's interest in transparency, including its interest in "understanding the judicial process." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010). Some courts have adopted a middle approach in cases involving motions to enforce a settlement, keeping under seal only those settlement terms that are irrelevant to the issues presented, while disclosing the terms pertinent to the motion. *See United States ex rel. Lesnik v. Eisenmann SE*, No. 16-cv-01120-LHK, 2021 WL 2092944, at *3 (N.D. Cal. May 11, 2021); *Pizza v. Fin. Indus. Regul. Auth., Inc.*, No. 13-cv-0688 MMC (NC), 2015 WL 1383142, at *2 (N.D. Cal. Mar. 19, 2015).

//

//

//

## III.  DISCUSSION

A complaint is the foundation of a civil lawsuit and is, therefore, more than tangentially related to the merits of the action. Thus, the compelling reasons applies. *See Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Reservation*, No. 3:17-cv-01436-GPC-MDD, 2017 WL 7362744, at *1–2 (S.D. Cal. Nov. 7, 2017); *Wasito v. City of San Diego*, No. 19-CV-2395 JLS (JLB), 2019 WL 6877554, at *1 (S.D. Cal. Dec. 16, 2019). The Court addresses each proposed redaction in turn.

### A.  Granted Redactions

The Court finds that Plaintiffs have established compelling reasons to seal paragraphs 9, 21–25, 27, and 33 of the Complaint. *See* Compl. ¶¶ 9, 21–25, 27, 33; Herbert Decl. ¶ 3. These paragraphs disclose specific, confidential terms of the Settlement Agreement. Namely, financial obligations, detailed product-specific restrictions and commercialization permissions negotiated between the parties, the precise scope of mutual releases, the conditions attached thereto, and the parties' specific performance obligations. Publicly disclosing these terms would provide competitors with concrete insight into the specific concessions each side made and the constraints each party accepted, which could readily be exploited by competitors in their own contract negotiations. This constitutes a factual, non-speculative basis for sealing that goes well beyond the mere existence of a confidentiality provision. *But see Helix Environmental Planning*, 2021 WL 120829, at *1.

The requested redactions are also narrowly tailored. The surrounding paragraphs that will remain publicly available fully disclose the nature of the Settlement Agreement, the prior litigation it resolved, the general categories of obligations it imposed, and the alleged breach at the heart of this action. *See* Compl. ¶¶ 1–8, 10–12, 14–20, 26, 28–32. Sealing the specific financial and operational details within these paragraphs strikes the appropriate balance between the public's interest in disclosure and the parties' legitimate interest in protecting sensitive information. *See Lesnik*, 2021 WL 2092944, at *3.

//

//

3:26-cv-2869-JES-VET

## B.   Denied Redactions

The Court denies Plaintiffs' Motion as to paragraphs 13 and 26, the text in paragraph 39 through and including the phrase "the Settlement Agreement required it to do," and paragraph (c) of the Prayer for Relief. Plaintiffs have not met their burden of demonstrating a compelling reason to seal this material.

### 1.   Paragraph 13

Paragraph 13 of the Complaint describes certain venue-related terms of the Settlement Agreement. *See* Compl. ¶ 13. The surrounding, unredacted paragraphs, collectively address the Court's jurisdiction and venue over this action, including Terrats' express consent to jurisdiction and venue in this Court under the Settlement Agreement. *See id.* ¶¶ 9–14. Read in context, the specific language Plaintiffs seek to redact in paragraph 13 does not disclose anything that is not already apparent or readily inferrable from the surrounding unredacted text. Where the public record already makes plain the substance of what a party seeks to conceal, sealing is not warranted. *See Harper*, 552 F. Supp. 3d at 1040–41; *Wasito*, 2019 WL 6877554, at *2.

### 2.   Paragraph 26

Paragraph 26 of the Complaint describes a fee-shifting provision in the Settlement Agreement entitling the prevailing party in any litigation to enforce or interpret the agreement to recover its costs and attorneys' fees. *See* Compl. ¶ 26. Fee-shifting clauses of this type are standard features of commercial settlement agreements. Their disclosure provides competitors with no meaningful insight into the specific business operations, economic position, or strategic priorities of either party. As a result, a competitor armed with this knowledge could not gain a material negotiating advantage. Thus, the Motion is denied with respect to this paragraph.

### 3.   Paragraph 39 in Part

Paragraph 39 of the Complaint sets forth Zest's performance of its obligations under the Settlement Agreement in support of the breach of contract claim. *See* Compl. ¶ 39. The text through and including the phrase "the Settlement Agreement required it to do"

5

3:26-cv-2869-JES-VET

describes in general terms that Zest performed its contractual obligations, without reference to the specific terms underlying that performance. That general description does not disclose sensitive commercial information and is directly relevant to a claim element the public has an interest in understanding. The text following that phrase, however, describes the specific nature of Zest's performance obligations and warrants protection for the same reasons supporting the sealing of paragraphs 21–25 and 27. Accordingly, the Motion is denied as to the text through the phrase "the Settlement Agreement required it to do," and granted as to all text in paragraph 39 following that phrase. *See Harper*, 552 F. Supp. 3d at 1040–41.

### 4. Prayer for Relief, Paragraph (c)

Paragraph (c) of the Prayer for Relief seeks an award of attorneys' fees and costs pursuant to the Settlement Agreement and California law. *See* Compl., Prayer for Relief ¶ (c). For the same reasons that sealing paragraph 26 is unwarranted, sealing paragraph (c) of the Prayer for Relief is also not justified. A request for fees pursuant to a contractual fee-shifting clause is a standard form of relief in commercial breach of contract actions and discloses nothing about the specific, sensitive terms of the Settlement Agreement that would provide competitors with any meaningful negotiating advantage. *See Helix Environmental Planning*, 2021 WL 120829, at *1.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion as follows:

1.    The Motion is **GRANTED** as to paragraphs 9, 21–25, 27, and 33 of the Complaint, and as to the text in paragraph 39 following the phrase "the Settlement Agreement required it to do."

2.    The Clerk of Court is **DIRECTED** to file under seal the unredacted Complaint lodged with the Court.

//

//

6

3:26-cv-2869-JES-VET

3.  The Motion is **DENIED** as to paragraph 13, paragraph 26, the text in paragraph 39 through and including the phrase "the Settlement Agreement required it to do," and paragraph (c) of the Prayer for Relief.

4.  Within fourteen (14) days of this Order, Plaintiffs **SHALL FILE** a revised redacted version of the Complaint, that is consistent with this Order, on the public docket.

**IT IS SO ORDERED.**

Dated:  May 26, 2026

Honorable James E. Simmons Jr.
United States District Judge

7

3:26-cv-2869-JES-VET