GEORGE LLP
Keith J. Wesley (State Bar No. 229276)
kwesley@georgellp.com
Courtney L. Mitchell (State Bar No. 229598)
cmitchell@georgellp.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Attorneys for Defendants and Counterclaim Plaintiffs Terrats Medical Sociedad Limitada and Medealis GmbH*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC,

Plaintiffs,

vs.

TERRATS MEDICAL SOCIEDAD LIMITADA and MEDEALIS GMBH,

Defendants.

Case No. 3:26-cv-02869-GPC-MMP

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

[*Filed concurrently with Notice of Motion and Motion to Dismiss*]

Date: February 5, 2027
Time: 1:30 p.m.
Place: Courtroom 12A
Judge: Hon. Gonzalo P. Curiel

**REQUEST FOR JUDICIAL NOTICE**

Defendants and Counterclaim Plaintiffs Terrats Medical Sociedad Limitada and Medealis GmbH (“Defendants”) request that the Court take judicial notice, under Federal Rule of Evidence 201, of the documents attached as Exhibits A, B and C, in support of their Motion to Dismiss the Second Amended Complaint.

Each exhibit is a true and correct copy of a document, or of pages of a document, that Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (together, “Zest”) filed in *Zest IP Holdings, LLC v. Preat Corp.*, No. 3:26-cv-01467-GPC-MMP (S.D. Cal.). Exhibit A is the Complaint, filed on March 6, 2026, Dkt. 1. Exhibit B is the caption page and page 11 of Zest’s Notice of Motion and Motion for Preliminary Injunction, with its Memorandum of Points and Authorities, filed on July 8, 2026, Dkt. 18. Exhibit C is the caption page and page 22 of Zest’s Answer to Amended Counterclaims and Amended Counterclaims-in-Reply, filed on August 26, 2026, Dkt. 33. The page numbers are those of the Court’s filing header.

A court may notice a fact that “can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.” Fed. R. Evid. 201(b)(2). On a motion to dismiss, a court may take judicial notice of matters of public record. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). This Court has explained that “[j]udicial notice is particularly appropriate for the court’s own records in prior litigation related to the case before it.” *No Cost Conference, Inc. v. Windstream Communications, Inc.*, 940 F. Supp. 2d 1285, 1295–96 (S.D. Cal. 2013) (noticing two complaints “as court records in the instant action and a related case”). The exhibits are this Court’s own records in a related case. This action was transferred to this Court under the low-number rule as related to the action in which Zest filed them, Dkt. 13, and the Second Amended Complaint itself refers to that action. Dkt. 44 ¶¶ 41–42.

Defendants ask the Court to notice only that Zest filed these documents and what they contain, namely the images reproduced at paragraphs 48, 49 and 51 of

Exhibit A and at page 11 of Exhibit B, and paragraph 68 of Preat's amended counterclaims as Exhibit C reproduces it at page 22, with Zest's answer to it. Defendants do not ask the Court to notice the truth of any allegation or statement in the exhibits, because "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

DATED: November 13, 2026

Respectfully submitted,

GEORGE LLP

*<u>/s/ Keith J. Wesley</u>*
Keith J. Wesley

*Attorneys for Defendants and Counterclaim Plaintiffs Terrats Medical Sociedad Limitada and Medealis GmbH*