# EXHIBIT C

Melinda Morton (Bar No. 209373)
E-mail: mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
3000 El Camino Real
Suite 400
Palo Alto, CA 94306
Telephone: 650.687.9020
Facsimile: 650.687.8320

Jacob Poorman (Bar No. 262261)
E-mail: jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
525 B Street
Suite 2200
San Diego, CA 92101
Telephone: 619.525.3811
Facsimile: 619.788.5511

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

Attorney for Plaintiffs
Zest IP Holdings, LLC, and
Zest Anchors, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PREAT CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-1467-GPC-MMP<br><br>**ANSWER TO AMENDED COUNTERCLAIMS AND AMENDED COUNTERCLAIMS-IN-REPLY**<br><br><u>DEMAND FOR JURY TRIAL</u> |

**ANSWER:** Zest admits that Preat seeks a declaratory judgment of non-infringement based upon claims of trademark infringement and unfair competition asserted by Zest against Preat, but denies that such a declaration is appropriate.

65. This is an actual controversy within the meaning of 28 U.S.C. §2201 between Preat and Zest regarding alleged trademark infringement.

**ANSWER:** Admitted.

66. In the Complaint, Zest alleges that Preat infringes the LOCATOR Trademarks, Registration Nos. 2,559,602 for the mark LOCATOR; 5,101,790 for the mark LOCATOR F-TX; 5,101,791 for the mark LOCATOR R-TX; and 6,951,307 for the mark LOCATOR FIXED, which Preat denies.

**ANSWER:** Admitted.

67. Preat has not infringed any valid or enforceable trademark owned by Zest, including the LOCATOR Trademarks.

**ANSWER:** Denied.

68. Preat uses the trademark PREATLOC in connection with its PreatLoc products, and specifically the name "Preat," on its dental inserts.

**ANSWER:** Zest is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore denies them.

69. No consumer would be likely to be confused by Preat's use of the terms "PreatLoc" or "Preat." Nor would the public be likely to be deceived into believing that Preat's products are associated with, sponsored by or approved by Zest.

**ANSWER:** Denied.

70. Preat's conspicuous use of PreatLoc and Preat branding on all product pages, including for example, the product title, description, product images, and on the actual products, eliminates any possibility of confusion.

**ANSWER:** Denied.